### BRODNICK, Plaintiff-Appellee, v. MUNGER et, Defendants-Appellants.

Ohio Appeals, Second District, Montgomery County.

No. 2174.   Decided April 3, 1952.

Pickrel, Schaeffer & Ebeling, Dayton, for plaintiff-appellee.
Mathias H. Heck, Pros. Atty., Pierce Wood, Special Pros. Atty., Dayton, for defendants-appellants.
Victor Jacobs, Dayton, Amicus Curiae.

## OPINION

By THE COURT:

The question presented by this appeal is whether a house trailer is "a residential building" within the meaning of §2480 GC, and subject to the Building Code regulations duly adopted by the Board of County Commissioners of Montgomery County under the provisions of said act.   The case was submitted to the trial court upon an agreed statement of facts and which are fully set forth in its opinion.   From these facts it appears that the house trailer was one of the usual type placed upon private property and used by the plaintiff and his wife as a permanent home.   It also appears that the building regula-

tions adopted by the Board of County Commissioners were of such a nature that a house trailer could not meet the requirements. The Court assigned two principal reasons for holding that it was not a residential building within the purview of the statute: (1) If house trailers were intended to be included in the act the Legislature would have so stated since it was fully aware of the fact that there were many thousands of them in use in the state; (2) That §6290 GC defines a house trailer as a vehicle which may be propelled and is so constructed as to permit occupancy for human habitation, etc. Judge Mills in a well considered opinion, consisting of some twenty pages, has so well expressed the reasons for his conclusions that we think nothing further need be added.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.