OPINION *Page 2 
{¶ 1} Appellants Melissa Campbell-Sutton and David Sutton appeal a grant of summary judgment by the Licking County Court of Common Pleas in favor of Defendants-Appellees Dennis DeLong, Jean DeLong, and Rockin D Tack and Supply. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 14, 2005, Appellant Melissa Campbell-Sutton and her husband, Appellant David Sutton, participated in a horse-riding competition at the Hartford Fairgrounds in Croton, Ohio. During that day, they visited appellees' trailer on the grounds. Appellees operate a business from the trailer, selling equestrian supplies. Appellants knew appellees from past horse shows, and had been inside the trailer before. However, while exiting the trailer on the day in question, Melissa allegedly fell down a set of steps and suffered injury.
 {¶ 3} On May 7, 2007, appellants filed a civil action against appellees, alleging negligence in failing to make the ingress and egress of the sales trailer reasonably safe.
 {¶ 4} On November 5, 2007, appellees filed a motion for summary judgment. Appellant filed a memorandum in opposition on November 19, 2007, arguing that appellees' failure to place a handrail on the trailer's steps violated the Ohio Basic Building Code ("OBBC") and furthermore that the "open and obvious" doctrine would not bar relief.
 {¶ 5} On January 16, 2008, the trial court granted summary judgment in favor of appellees, concluding that appellants and their witnesses could not identify what caused Melissa's fall, that the OBBC did not apply to appellees' trailer, and that the lack of a handrail was an open and obvious condition. *Page 3 
 {¶ 6} On February 15, 2008, appellants filed a notice of appeal, requesting the case be placed on this Court's accelerated docket. They herein raise the following sole Assignment of Error:
 {¶ 7} "THE TRIAL COURT ERRED, TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFFS-APPELLANTS, IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 I. {¶ 8} In their sole Assignment of Error, appellants contend the trial court erred in granting summary judgment in favor of appellees in appellants' negligence action. We disagree.
 {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ. R. 56, which provides, in pertinent part:
 {¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is *Page 4 
made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1996), 75 Ohio St.3d 280.
 Ohio Basic Building Code Issue {¶ 12} In Ohio, a business owner, "although not an insurer of the customer's safety, owes business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition for their protection." Centers v. Leisure Internatl., Inc. (1995),105 Ohio App.3d 582, 584, 664 N.E .2d 969, citing Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. A violation of the OBBC may be considered evidence of negligence, although it does not constitute negligence per se. See Chambers v. St. Mary's School
(1998), 82 Ohio St.3d 563, 697 N.E.2d 198, syllabus. In their response to appellees' summary judgment motion in the case sub *Page 5 
judice, appellants asserted that the OBBC required the installation of handrails on the steps used to enter and exit appellees' trailer.
 {¶ 13} Appellants presently direct us to R.C. 3781.06(C)(2), which states as follows:
 {¶ 14} "`Building' means any structure consisting of foundations, walls, columns, girders, beams, floors, and roof, or a combination of any number of these parts, with or without other parts or appurtenances."
 {¶ 15} Appellants contend that appellees' trailer falls under the aforesaid definition. Historically, and by analogy, under the prior Ohio General Code's regulation of construction of buildings in unincorporated areas, a house trailer was not considered a "residential building." SeeBrodnick v. Munger (1952), 111 N.E. 2d 695, 64 Ohio Law Abs. 306. We have recognized that trailers, which sit upon their wheels and are capable of being registered and licensed, are not generally classified as "structures" under Ohio law. See Tolley Co. v. Theken (Aug. 14, 2000), Stark App. No. 1999CA00361, citing Sea Lakes, Inc. v.Lipstreu (Sept. 30, 1991), Portage App. No. 90-P-2254. Appellant herein provides no authority suggesting that a trailer, hauled to a fairground for a temporary show, falls under the definition of a "building" for purposes of the OBBC.
 {¶ 16} Accordingly, we find no error in the trial court's grant of summary judgment in favor of appellees on the alleged building code violation basis.
 "Open and Obvious" Issue {¶ 17} Appellants also maintain summary judgment was improper as to the question of the open and obvious nature of the steps. *Page 6 
 {¶ 18} When a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. See Armstrong v.Best Buy Co., 99 Ohio St.3d 79, 788 N.E.2d 1088, 2003-Ohio-2573. Open and obvious dangers are not concealed and are discoverable by ordinary inspection. Aycock v. Sandy Valley Church of God, Tuscarawas App. No. 2006 AP 09 0054, 2008-Ohio-105, ¶ 23, citing Parsons v. Lawson Co.
(1989), 57 Ohio App.3d 49, 50-51, 566 N.E.2d 698. The dangerous condition at issue does not actually have to be observed by the claimant to be an open and obvious condition under the law. Id., citing Lydic v.Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. Rather, the determinative issue is whether the condition is observable. Id.
 {¶ 19} The record reveals that appellants visited appellees' trailer at the Hartford show to look for a saddle pad to purchase. Appellant Melissa admitted she had been in and out of the trailer "quite a few times" prior to the day of the fall. Campbell-Sutton Deposition at 29. Melissa was also aware of the lack of a handrail on the steps. Id. at 64. On the day in question, the trailer was set up in its usual configuration. Id. at 35. Nothing blocked or obstructed Melissa's view of the steps. Id. at 43. Although there was a misty rain that day, appellant conceded that she was aware of the weather conditions as she went to use the steps. Id. at 63. Both Melissa and her husband testified they did not know what caused Melissa to fall. Campbell-Sutton Deposition at 48, 62; David Sutton Deposition at 13. An independent witness, Frances Inskeep, who was at the scene of the fall, testified that she saw no defects or problems around the steps or the exit area of the trailer. Inskeep Deposition at 39-44. *Page 7 
 {¶ 20} Accordingly, upon review, we find no error in the trial court's grant of summary judgment in favor of appellees, based on the open and obvious nature of any hazards associated with appellees' trailer steps.
 {¶ 21} Appellants' sole Assignment of Error is therefore overruled.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, is hereby affirmed.
Wise, J. Hoffman, P. J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs assessed to appellants. *Page 1