[Cite as *Wachovia Bank of Delaware, NA v. Jackson*, 2012-Ohio-4479.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WACHOVIA BANK OF DELAWARE, NA | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 2011CA00261 |
| IRENE P. JACKSON, ET AL. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County County Court of Common Pleas, Case No. 2009CV00832

JUDGMENT:                 AFFIRMED

DATE OF JUDGMENT ENTRY:      September 17, 2012

APPEARANCES:

For Appellant:

KRISTIN E. ROSAN
39 E. Whittier St.
Columbus, OH 43206

For Appellee:

DARRYL GORMLEY
4470 Hearthstone Way
Medina, OH 44256

*Delaney, P.J.*

{¶1} Defendant-Appellant Irene P. Jackson appeals the October 25, 2011 judgment entry of the Stark County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee Wachovia Bank of Delaware, NA.

## FACTS AND PROCEDURAL HISTORY

{¶2} On July 29, 1999, Defendant-Appellant Irene P. Jackson executed a promissory note in the amount of $68,000 payable to the lender, Firstar Bank, NA. To secure the note, Jackson also executed a mortgage in the amount of $68,000 to Firstar Bank, NA for a property located in Massillon, Ohio.

{¶3} On September 2, 1999, Firstar Bank, NA assigned the note and mortgage to Firstar Finance, Inc. Firstar Finance, Inc. then assigned the note and mortgage to First Union Home Equity Bank, NA.

{¶4} In June 2000, First Union Bank of Delaware merged with and into First Union Home Equity Bank, NA. The resulting bank was named First Union National Bank of Delaware. In 2002, the title of First Union National Bank of Delaware was changed to Wachovia Bank of Delaware, NA.

{¶5} Plaintiff-Appellee Wachovia Bank of Delaware, NA filed a complaint in foreclosure naming Jackson as a defendant, seeking an in rem judgment only against Jackson because the debt was discharged in bankruptcy. Jackson filed an answer on April 8, 2009, alleging in part Wachovia was not the real party in interest.

{¶6} Wachovia filed a motion for summary judgment on January 20, 2010. The trial court granted the motion for summary judgment on January 21, 2010. Jackson filed a response to the motion for summary judgment on February 2, 2010.

Jackson appealed the decision to grant summary judgment to this Court in *Wachovia Bank of Delaware v. Jackson*, 5th Dist. No. 2010CA00038, 2010-Ohio-3970 ("*Jackson I*"). In *Jackson I*, we reversed the trial court's decision to grant summary judgment because Jackson was not allowed adequate time to respond before the trial court ruled on the motion. On August 23, 2010, the matter was remanded to the trial court for further proceedings.

{¶7} The trial court considered the pending motion for summary judgment and Jackson's previously filed response and granted summary judgment in favor of Wachovia on September 8, 2010. Jackson appealed the judgment to this Court in *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. No. 2010-CA-00291, 2011-Ohio-3202 ("*Jackson II*"). Jackson argued the affidavit evidence and supporting documents provided by Wachovia in support of its motion for summary judgment were inadequate to demonstrate that Wachovia was the real party in interest. Upon our de novo review of the summary judgment motion and response, we found Wachovia failed to present evidentiary-quality materials showing:

1.) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument;

2.) if the movant is not the original mortgagee, the chain of assignments and transfers;

3.) all conditions precedent have been met;

4.) the mortgagor is in default; and

5.) the amount of principal and interest due.

The affidavits must show:

1.) the affiant is competent to testify;

2.) the affiant has personal knowledge of the facts, as shown by a statement of the operant facts sufficient for the court to infer the affiant has personal knowledge;

3.) the affiant must state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done; and

4.) the affidavit must be notarized.

5.) Any documents the affidavit refers to must be attached to the affidavit or served with the affidavit.

The documentary evidence must be:

1.) certified copies of recorded documents; or

2.) if business records, must be accompanied by an affidavit attesting that they are business records kept in the regular course of business;

3.) the affiant must be familiar with the compiling and retrieval of the records;

4.) the affiant must state the records are compiled at or near the occurrence of each event by persons with knowledge of said events; and

5.) the records must be authenticated by the custodian of the records or by another witness who has personal knowledge of the records.

*Jackson II*, at ¶ 40-57. The judgment granting summary judgment in favor of Wachovia was reversed and the matter remanded to the trial court for further proceedings. *Id.* at ¶ 61.

{¶8} Upon remand, Wachovia filed a motion for summary judgment with the trial court on September 7, 2011. Attached to the motion for summary judgment was an affidavit in support of the motion executed by Kyle Gragert, VP of Loan Documentation for Wells Fargo Bank, NA, successor by merger to Wachovia Bank of Delaware, NA. The affidavit stated Wachovia was the holder of the note and mortgage.

{¶9} Jackson filed a response to the motion for summary judgment. Jackson submitted her personal affidavit that included documentation she received from Wells Fargo Bank, NA. By letter mailed to Jackson on April 15, 2010, Jackson was notified that as a result of the merger of Wachovia Bank of Delaware, NA with Wells Fargo Bank, NA, Wells Fargo Bank was now the owner of her mortgage.

{¶10} Jackson's sole argument in her response was there was a genuine issue of material fact as to whether Wachovia or Wells Fargo Bank was the real party in interest entitled to pursue its rights in foreclosure.

{¶11} The trial court granted summary judgment in favor of Wachovia and issued a decree in foreclosure on October 25, 2011.

{¶12} It is from this decision Jackson now appeals.

## ASSIGNMENT OF ERROR

{¶13} Jackson raises one Assignment of Error:

{¶14} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE EVIDENCE BEFORE THE COURT ESTABLISHED A GENUINE ISSUE OF MATERIAL FACT CONCERNING APPELLEE'S STATUS AS THE REAL PARTY IN INTEREST."

## STANDARD OF REVIEW

{¶15} We review a summary judgment de novo and without deference to the trial court's determination. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard of review as the trial court and conducts an independent review, without deference to the trial court's determination. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Westbrook v. Swiatek*, 5th Dist. No. 09CAE09-0083, 2011-Ohio-781, ¶ 43.

{¶16} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

{¶17} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

**ANALYSIS**

{¶18} Jackson argues the trial court erred in granting summary judgment in favor of Wachovia because there is a genuine issue of material fact as to whether Wachovia is the real party in interest. Civ.R. 17(A) states,

Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

{¶19} A real party in interest "has been defined as '* * * one who has real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefited or injured by the outcome of the case.'" (Citations omitted.) *Shealy v. Campbell*, 20 Ohio St.3d 23, 24 (1985). "The purpose behind the real party in interest rule is ' '* * * to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to

assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter.'" *Id.* at 24-25 quoting *In re Highland Holiday Subdivision,* 27 Ohio App.2d 237, 240 (4th Dist. 1971).

{¶20} The current holder of the note and mortgage is the real party in interest in foreclosure actions. *U.S. Bank Natl. Assoc. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178 (7th Dist.), ¶ 32 citing *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. No. C061069, 2007-Ohio-5874, ¶ 18. Jackson argues that Wachovia has failed to provide Civ.R. 56 evidence that it, and not the successor by merger Wells Fargo Bank, is the holder of the note and mortgage.

{¶21} Wachovia asserts the Civ.R. 56 evidence shows there was a merger between Wachovia and Wells Fargo Bank. Wachovia states the merger between Wells Fargo Bank and Wachovia occurred after the complaint in foreclosure was filed. Pursuant to Civ.R. 25(C), Wachovia was not required to substitute Wells Fargo Bank in the action. The rule states:

(C) Transfer of interest

In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (A) of this rule.

{¶22} This Court analyzed the question of the real party in interest after banks have merged in *U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408 (5th Dist.). In that case, the mortgagor executed a note and mortgage with Residential

Bancorp. Residential Bancorp assigned the note and mortgage to Leader Mortgage Company. U.S. Bank, N.A. was the successor by merger to the Leader Mortgage Company. *Id.* at ¶ 29. U.S. Bank filed a complaint in foreclosure against the mortgagor. In support of its motion for summary judgment, U.S. Bank presented the affidavit of Kim Stewart, the assistant vice president of U.S. Bank. The affidavit stated in pertinent part: "1. Affiant's position is Assistant Vice President of U.S. Bank, N.A. successor by merger to The Leader Mortgage Company. In such job position affiant has the custody of the accounts of said company, including the account of Benjamin R. Detweiler, defendant herein. Affiant states that the records of the accounts of said company are compiled at or near the time of occurrence by persons with knowledge of such events, that said records are kept in the course of its regularly conducted business activity, and that it is the regular practice to keep such records related to the business activity." *Id.* at ¶ 22.

{¶23} The mortgagor in *Detweiler* argued that U.S. Bank could not demonstrate it was the current holder of the note and mortgage through its merger with Leader Mortgage Company. *Id.* at ¶ 29-30. He stated that U.S. Bank was required to provide evidentiary material in the form of a "certificate of merger" with its motion for summary judgment to demonstrate that U.S. Bank and Leader Mortgage Company merged and the transfer of all interests and liabilities, including the note and mortgage, occurred. *Id.*

{¶24} We rejected the mortgagor's argument and stated:

Appellants provide no case law to support its contention that a certificate of merger, along with evidence of an assignment, is necessary

to show that a mortgagee is the holder of a note and mortgage. Regardless, we find that appellee provided sufficient affidavit evidence in support of its motion for summary judgment to show that U.S. Bank, N.A., is the successor by merger with the Leader Mortgage Company and is the holder and owner of appellants' note and mortgage. Appellants have not provided any Civ.R. 56 evidence to demonstrate that appellee is not the owner of the note and mortgage by virtue of the merger with the Leader Mortgage Company.

{¶25} Accordingly, we review the Civ.R. 56 evidence presented in this case to determine whether there is sufficient evidence to show that the interests of Wells Fargo Bank and Wachovia have merged. As in *Detweiler*, we have the affidavit of Kyle Gragert, filed in support of Wachovia's motion for summary judgment. It states:

1. I am a VP of Loan Documentation for Wells Fargo Bank NA, successor by merger to Wachovia Bank of Delaware, NA fka First Union National Bank of Delaware fka First Union Home Equity Bank, N.A. (sic) ("Wachovia"), the Plaintiff herein, and in that capacity I am authorized to execute this Affidavit. I am over the age of 18 and competent to testify as to the matters contained herein.

{¶26} In responding to Wachovia's motion for summary judgment, Jackson filed her own supporting affidavit. Her affidavit states that in April 2010, she received a letter from Wells Fargo Home Mortgage regarding notice of transfer of her mortgage and attached the letter to the affidavit. The letter stated, "[w]e are notifying you, as required by federal law, that as a result of the merger of Wachovia Bank of Delaware,

N.A. with Wells Fargo Bank, N.A., Wells Fargo Bank is now the owner of your mortgage."

{¶27} Pursuant to *Detweiler*, we find that both Wachovia and Jackson have provided Civ.R. 56 evidence that Wells Fargo Bank is the successor by merger of Wachovia. Pursuant to the merger of the interests of the banks and Civ.R. 25(C), we find there is no genuine issue of material fact that Wachovia is the real party in interest and is entitled to pursue its rights in foreclosure against Jackson.

{¶28} Jackson's sole Assignment of Error is overruled.

**CONCLUSION**

{¶29} The sole Assignment of Error of Defendant-Appellant Irene P. Jackson is overruled.

{¶30} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

 

 

_____

HON. PATRICIA A. DELANEY

 

_____

HON. WILLIAM B. HOFFMAN

 

_____

HON. SHEILA G. FARMER

PAD:kgb

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

WACHOVIA BANK OF DELAWARE, NA

    Plaintiff - Appellee

-vs-

IRENE P. JACKSON, et al.

    Defendant - Appellant

:
:
:
:
:
:
:
:
:
:
:
:
:
:

JUDGMENT ENTRY

Case No.   2011CA00261


    For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Defendant-Appellant Irene P. Jackson.


                      HON. PATRICIA A. DELANEY


                      HON. WILLIAM B. HOFFMAN


                      HON. SHEILA G. FARMER