[Cite as *Kraft v. Johnny Biggs Mansfield, L.L.C.*, 2012-Ohio-5502.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SHARON E. KRAFT, et al. | JUDGES:<br>Hon. Patricia A. Delaney, P. J.<br>Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
|     Plaintiffs-Appellants | |
| -vs- | |
| | Case No. 2012 CA 0068 |
| JOHNNY BIGGS MANSFIELD, LLC, et al. | |
|     Defendants-Appellees | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 11 CV 477 |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | November 29, 2012 |
| | |


APPEARANCES:

| For Plaintiffs-Appellants | For Defendants-Appellees |
|---|---|
| CURTIS J. SYBERT<br>MATTHEW S. GOFF<br>SCHERNER & SYBERT, LLC<br>153 South Liberty Street<br>Powell, Ohio 43065 | GARY A. PIPER<br>BARAN, PIPER, TARKOWSKY,<br>& FITZGERALD CO. LPA<br>3 North Main Street, Suite 500<br>Mansfield, Ohio 44902 |

*Wise, J.*

{¶1}   Plaintiffs-Appellants Sharon E. Kraft and John Kraft appeal the decision of the Court of Common Pleas, Richland County, which granted summary judgment in favor of Defendants-Appellees Johnny Biggs Mansfield, LLC, R & D Partnership, LLP, CFC Restaurant Group, Inc., and CFC Management Company, Inc., in a trip and fall lawsuit. The relevant facts leading to this appeal are as follows.

{¶2}   On November 28, 2010, Appellants Sharon and John Kraft arrived for a planned Sunday afternoon meal with some relatives at Johnny Biggs Restaurant in Ontario, Ohio. Appellants drove into a space in the west-side parking lot, as the south-side parking lot they had used on previous visits was full. Sharon, carrying a bag purse, approached the restaurant entrance from the concrete walkway leading to the west parking lot. She later testified she had not approached on the west walkway before that time. As she walked toward the west entrance, she observed other patrons entering or exiting via both the west and south entrances. Other patrons were standing on the walkway.

{¶3}   As Sharon approached within a few steps of the west entrance, her left foot struck a raised portion of the concrete created by a slight height difference between two sidewalk sections. As a result, Sharon fell and struck her head on the walkway, resulting in an orbital fracture, a nasal fracture, and facial contusions.

{¶4}   On April 15, 2011, Appellants Sharon and John Kraft filed a civil lawsuit against appellees in the Richland County Court of Common Pleas. Appellees each filed separate answers to the complaint on May 25, 2011.

**{¶5}** On May 17, 2012, appellees filed a joint motion for summary judgment. On June 11, 2012, appellants filed a memorandum in response, to which appellees replied on June 25, 2012.

**{¶6}** On July 11, 2012, the trial court issued an entry granting summary judgment in favor of appellees.

**{¶7}** On August 8, 2012, appellants filed a notice of appeal. This Court subsequently placed the appeal on the accelerated calendar. Appellants herein raise the following three Assignments of Error:

**{¶8}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BASED UPON THE OPEN AND OBVIOUS DOCTRINE.

**{¶9}** "II. THE TRIAL COURT ERRED BY USING THE INCORRECT LEGAL STANDARD IN ITS FINDING THAT THE HAZARD WAS OPEN AND OBVIOUS AS A MATTER OF LAW.

**{¶10}** "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BASED ON A FINDING THAT PLAINTIFFS DID NOT DEMONSTRATE THAT ANY ATTENDANT CIRCUMSTANCES EXISTED THAT WOULD PRECLUDE THE APPLICATION OF THE OPEN AND OBVIOUS DOCTRINE."

I.

**{¶11}** In their First Assignment of Error, appellants contend the trial court erred in granting summary judgment in favor of appellees under the "open and obvious" doctrine. We disagree.

**{¶12}** As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and

evidence as the trial court. *Porter v. Ward,* Richland App.No. 07 CA 33, 2007-Ohio-5301, ¶ 34, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

{¶13} Civ.R. 56(C) provides, in pertinent part:

{¶14} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * "

{¶15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of

material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-207.

**{¶16}** In Ohio, a business owner, "although not an insurer of the customer's safety, owes business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition for their protection." *Centers v. Leisure Internatl., Inc.* (1995), 105 Ohio App.3d 582, 584, 664 N.E.2d 969, citing *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. When a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. See *Campbell-Sutton v. DeLong,* Licking App.No. 08 CA 18, 2008-Ohio-2771, ¶ 18, citing *Armstrong v. Best Buy Co.,* 99 Ohio St.3d 79, 788 N.E.2d 1088, 2003-Ohio-2573. Open and obvious dangers are not concealed and are discoverable by ordinary inspection. *Aycock v. Sandy Valley Church of God,* Tuscarawas App.No. 2006 AP 09 0054, 2008-Ohio-105, ¶ 23, citing *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 50-51, 566 N.E.2d 698. The dangerous condition at issue does not actually have to be observed by the claimant to be an open and obvious condition under the law. *Id.,* citing *Lydic v. Lowe's Cos., Inc.,* Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. Rather, the determinative issue is whether the condition is observable. *Id.*

**{¶17}** Appellants in the case sub judice maintain that because of the proximity of the raised concrete section to the restaurant entrance and the corresponding pedestrian traffic, it would be unreasonable to expect invitees to discover the potential sidewalk hazard. However, a review of the record indicates that the incident in question took place on a sunny autumn afternoon and that the walkway was dry and free of leaves and debris. *See* Sharon Kraft Depo. at 34-36, 54. Photograph Exhibits C1 – C5 in the

record indicate that there are at least several inches of flat, closely-cut grass or mulch on either side of the sidewalk. Although there is a lamppost in the grassy area and some nearby shrubbery, no shadows from such objects are cast on the spot where the concrete joint is located. In her deposition, Sharon answered in the affirmative when asked if she would have been able to see the raised portion of the concrete had she looked down. *Id.* at 56-57.

{¶18} Accordingly, upon review, we find no error in the trial court's grant of summary judgment in favor of appellees, based on the open and obvious nature of any hazards associated with the concrete walkway at the restaurant's entrance. We therefore hold the evidence would demonstrate that appellants cannot support their claim on the basic question of the open and obvious nature of the sidewalk hazard.

{¶19} Appellants' First Assignment of Error is overruled.

II.

{¶20} In their Second Assignment of Error, appellants argue the trial court erroneously used a subjective standard in awarding summary judgment to appellees. We disagree.

{¶21} We note the trial court, in reaching its decision, found that the walkway's concrete "lip" was "so open and obvious that the defendants could reasonably expect persons upon the premises, including plaintiff Sharon Kraft, to discover the condition and take appropriate measures to protect themselves." Summary Judgment Entry at 2. As such, we are unpersuaded that the trial court improperly utilized a subjective standard, rather than an objective, reasonable person standard to analyze the "open and obvious" issue, as urged by appellants. Moreover, we review a summary judgment

de novo and without deference to the trial court's determination. *See, e.g.*, *Wachovia Bank of Delaware, NA v. Jackson*, Stark App.No. 2011CA00261, 2012-Ohio-4479, ¶ 15. As such, we find further analysis of appellant's claim in this regard to be unnecessary.

**{¶22}** Appellants' Second Assignment of Error is overruled.

III.

**{¶23}** In their Third Assignment of Error, appellants maintain the trial court erred in granting summary judgment upon its determination that no attendant circumstances existed at the time of the trip and fall. We disagree.

**{¶24}** Attendant circumstances are factors that contribute to a fall and are beyond the injured person's control. *See Backus v. Giant Eagle, Inc.* (1996), 115 Ohio App.3d 155, 158, 684 N.E.2d 1273. They are also recognized as circumstances that significantly enhance the danger of the defect or hazard and contribute to the injury. *Stockhauser v. Arch Diocese of Cincinnati* (1994), 97 Ohio App.3d 29, 646 N.E.2d 198. Attendant circumstances do not include the individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making. *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494, 498, 693 N.E.2d 807.

**{¶25}** Appellants essentially contend that summary judgment was improper where alleged attendant circumstances negated the application of the open and obvious doctrine. They urge that these attendant circumstances consisted of (1) the proximity of the raised sidewalk portion to the entrance and corresponding pedestrian traffic, (2) alleged shadows on the sidewalk, and (3) Sharon's carrying of a bag purse at her knee level.

**{¶26}** However, upon review, we find no basis to reverse the granting of summary judgment on any of the aforesaid grounds. Despite the fact that the restaurant was "rather busy" with Sunday afternoon patrons, Sharon agreed in her deposition that there was "normal traffic" of people coming in and out at the time. Sharon Kraft Depo. at 36, 55-56. Furthermore, we concur with appellees' observation that the alleged shadows did not cover the walkway area in question, and that certain daytime light actually enhances the visibility of the height difference in the two concrete sections. *See* Photograph Exhibits C1 – C5. Finally, while this Court has previously addressed an attendant circumstances question related to a plaintiff carrying a pizza box, ostensibly blocking her view of the ground (see *Jacobsen v. Coon Restoration & Sealants, Inc.*, Stark App.No. 2011–CA–00001, 2011-Ohio-3563), we find such a scenario is distinguishable from potential visual blockage of a walkway by a bag purse at knee level.  We hold none of these circumstances are so significant or unusual so as to rise to the level of "attendant circumstances" as a matter of law.

**{¶27}**  Appellants' Third Assignment of Error is therefore overruled.

**{¶28}**  For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.
Delaney, P. J., and
Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 1107

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


SHARON E. KRAFT, et al.                        :
                                               :
    Plaintiffs-Appellants                      :
                                               :
-vs-                                           :            JUDGMENT ENTRY
                                               :
JOHNNY BIGGS MANSFIELD, LLC, et al.  :
                                               :
    Defendants-Appellees                       :            Case No. 2012 CA 0068


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to appellant.


                                     _____


                                     _____


                                     _____

                                              JUDGES