[Cite as *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-5106.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Leonard Jenkins, | : | |
| Plaintiff-Appellant, | : | No. 12AP-787 |
| | | (Ct. of Cl. No. 2011-05378) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 19, 2013

*Swope and Swope, Attorneys at Law*, and *Richard F. Swope*, for appellant.

*Michael DeWine*, Attorney General, and *Kristin S. Boggs*, for appellee.

APPEAL from the Court of Claims of Ohio.

BROWN, J.

{¶ 1} Leonard Jenkins, plaintiff-appellant, appeals the judgment of the Court of Claims of Ohio, in which the court granted judgment in favor of the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee.

{¶ 2} Appellant is 55 years old, a paraplegic, and an inmate at North Central Correctional Institution ("NCCI"). On October 2, 2010, appellant was being pushed in his wheelchair by another inmate for a medical appointment. The wheelchair had no restraints. The wheels on the wheelchair struck a crack in the concrete sidewalk, causing appellant to fall from the wheelchair and break his leg.

{¶ 3}    On April 5, 2011, appellant filed an action against ODRC in the Court of Claims asserting ODRC was negligent in maintaining the sidewalk and in providing him with a defective wheelchair. On December 5, 2011, ODRC filed a motion for summary judgment. On February 9, 2012, the trial court denied ODRC's motion for summary judgment.

{¶ 4}    On March 6, 2012, a trial was held before a magistrate on liability only. On June 11, 2012, the magistrate issued a decision in favor of ODRC. Appellant filed objections to the magistrate's decision. On August 20, 2012, the trial court overruled appellant's objections and entered judgment in favor of ODRC. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] THE MAGISTRATE AND TRIAL COURT ERRED IN FINDING THAT PLAINTIFF-APPELLANT DID NOT ESTABLISH THE DETERIORATED SIDEWALK DID NOT CONSTITUTE A HAZARDOUS CONDITION TO WHEELCHAIR BOUND INMATES.
>
> [II.] THE MAGISTRATE AND TRIAL COURT ERRED IN FAILING TO FIND THE DEFENDANTS DID NOT HAVE CONSTRUCTIVE NOTICE OF A DETERIORATED SECTION OF CONCRETE WHICH WAS A HAZARD TO THE NUMEROUS WHEELCHAIR BOUND INMATES HOUSED AT THE NORTH CENTRAL CORRECTIONAL INSTITUTION.
>
> [III.] THE MAGISTRATE AND TRIAL COURT ERRED IN RULING THAT THE TWO (2) INCH RULE HAD APPLICATION SINCE THE RULE APPLIES TO WALKWAYS IN MUNICIPALITIES.
>
> [IV.] THE MAGISTRATE AND TRIAL COURT ERRED IN RULING ATTENDANT CIRCUMSTANCES DID NOT OVERCOME ANY EVIDENCE OF OPEN-AND-OBVIOUS DEFECT OR EXISTING PRESUMPTION.
>
> [V.] THE TRIAL COURT AND MAGISTATE ERRED IN RULING PROVIDING A KNOWN DEFECTIVE WHEELCHAIR WITHOUT RESTRAINTS WOULD NOT PREVENT A PARAPLEGIC FROM BEING THROWN FROM HIS CHAIR AND THAT THIS WAS NOT THE NEGLIGENT CAUSE OF APPELLANT'S INJURIES.

[VI.] EXHIBITS 1, 2 AND 3 ARE SUFFICIENT TO ESTALBISH THE CONDITION OF THE PAVEMENT WHERE PLAINTIFF-APPELLANT WAS DUMPTED ONTO THE PAVEMENT AND TO ESTABLISH NEGLIGENCE.

[VII.] THE MAGISTRATE AND TRIAL COURT ERRED IN FAILING TO CONSIDER THE DEFECT AND HAZARD AS IT RELATED TO PARAPLEGICS CONFINED TO WHEELCHAIRS PUSHED BY INDEPENDENT PUSHERS.

[VIII.] THE MAGISTRATE'S AND TRIAL COURT'S DECISIONS ARE CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 5} We address appellant's first, second, third, fourth, and seventh assignments of error together, as they are all related. Appellant argues in his first assignment of error that the magistrate and the trial court erred when they found that the deteriorated sidewalk did not constitute a hazardous condition to wheelchair bound inmates. Appellant argues in his second assignment of error that the trial court erred when it failed to find ODRC did not have constructive notice of a deteriorated section of concrete that was a hazard to the many wheelchair bound inmates. Appellant argues in his third assignment of error that the "two-inch rule" for defects does not apply to walkways on prison grounds. Appellant argues in his fourth assignment of error that the trial court erred when it ruled that attendant circumstances did not overcome any evidence of an open and obvious defect or existing presumption. Appellant argues in his seventh assignment of error that the trial court erred when it failed to consider the defect and hazard as it relates to paraplegics confined to wheelchairs pushed by independent individuals.

{¶ 6} Appellant's claims sound in negligence. To recover on a negligence claim, a plaintiff must prove that: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, and (3) the breach of the duty proximately caused the plaintiff's injury. *Wallace v. Ohio Dept. of Commerce,* 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 22.

{¶ 7} Here, appellant contends that the trial court ignored the fact that the walkway was 17 years old, no maintenance had been performed on it, the walkway underwent regular inspections, the maintenance supervisor was aware of the deterioration and wheelchair bound inmates had to traverse it, and the walkway was repaired after the

incident at issue. Appellant contends that ODRC had constructive knowledge of the defect in the walkway. Appellant also asserts that a reasonably prudent person would recognize that the walkway defect could catch the tire of a wheelchair, causing it to pitch forward and eject the occupant.

{¶ 8}    In the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks. *McCoy v. Engle*, 42 Ohio App.3d 204, 207 (10th Dist.1987). Reasonable care is defined as the degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances. *Woods v. Ohio Dept. of Rehab. & Corr.*, 130 Ohio App.3d 742, 745 (10th Dist.1998). The state is not an insurer of the safety of its prisoners, but once it becomes aware of a dangerous condition in the prison, it is required to take the reasonable steps necessary to avoid injury to prisoners. *Clemets v. Heston*, 20 Ohio App.3d 132, 136 (6th Dist.1985). Prisoners, however, are also required to use reasonable care to ensure their own safety. *See, e.g., Macklin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 01AP-293, 2002-Ohio-5069, ¶ 21, citing *Perry v. Eastgreen Realty Co.*, 55 Ohio App.2d 130, 132 (10th Dist.1977).

{¶ 9}    The law regarding defects in sidewalks and related issues arising therefrom is well-established. Landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways. *Backus v. Giant Eagle, Inc.*, 115 Ohio App.3d 155, 157 (7th Dist.1996). A pedestrian has a duty to look for and avoid known and obvious cracks in the walkway surface. *Id.* There is a rebuttable presumption that a defect of less than two inches in height is insubstantial as a matter of law and does not give rise to liability. *Kimball v. Cincinnati*, 160 Ohio St. 370 (1953); *Cash v. Cincinnati*, 66 Ohio St.2d 319 (1981); *Shepherd v. Cincinnati*, 168 Ohio App.3d 444, 2006-Ohio-4286 (1st Dist.).

{¶ 10}   Under the "open and obvious" doctrine, an owner or occupier of property owes no duty to warn of open and obvious dangers on the property. *Duncan v. Capitol S. Community Urban Redevelopment Corp.*, 10th Dist. No. 02AP-653, 2003-Ohio-1273, ¶ 27, citing *Anderson v. Ruoff*, 100 Ohio App.3d 601, 604 (10th Dist.1995). The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning, and the owner or occupier may reasonably expect that persons entering the

premises will discover those dangers and take appropriate measures to protect themselves. *Id.* The open and obvious doctrine, where warranted, may be applied in actions against ODRC with the result that ODRC would owe no duty to an injured inmate. *Id.*

{¶ 11}  Open and obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection. *Cooper v. Meijer Stores Ltd. Partnership*, 10th Dist. No. 07AP-201, 2007-Ohio-6086, ¶ 13, citing *Lydic v. Lowe's Cos., Inc.*, 10th Dist. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. An individual "does not need to observe a dangerous condition for it to be an 'open and obvious' condition under the law; rather, the determinative issue is whether the condition is observable." *Id.*, citing *Lydic.* Even in cases where the plaintiff did not actually notice the condition until after he or she fell, this court has found no duty where the plaintiff could have seen the condition if he or she had looked. *Id.*, citing *Lydic.* Accordingly, "a pedestrian's failure to avoid an obstruction because he or she did not look down is no excuse." *Id.*, citing *Lydic*, citing *Jeswald v. Hutt*, 15 Ohio St.2d 224 (1968).

{¶ 12}  With regard to notice, notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained. *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 14. Actual notice exists where the information was personally communicated to or received by the party. *Id.* "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Id.*, citing *In re Estate of Fahle*, 90 Ohio App. 195, 197 (6th Dist.1950). To support an inference of constructive notice, a plaintiff may submit evidence that the condition existed for such a length of time that the owner or its agent's failure to warn against it or remove it resulted from their failure to exercise ordinary care. *Presley v. Norwood*, 36 Ohio St.2d 29, 31-32 (1973).

{¶ 13}  In the present case, we start with the conclusion that there was no evidence in the record of actual notice. Robert Minks, the former maintenance supervisor for the prison, testified that the area in question was located near the warden's office, and no one ever complained to him about the condition of the sidewalk. Minks said that a lot of staff traveled over the portion of the sidewalk in question, and no ODRC or maintenance staff ever complained about the walkway. Thus, there was no evidence of actual notice.

Furthermore, although appellant points out that the walkway was 17 years old and had never been repaired to support a finding of constructive notice, such does not support a necessary inference that the allegedly hazardous condition existed for any particular length of time. Appellant even admitted that he had traveled over this sidewalk many times before and had never noticed any defect in the sidewalk. Thus, we also find there was no constructive notice.

{¶ 14}  Furthermore, there was no evidence in this case that the crack was more than two inches high. Minks, the former maintenance supervisor for the prison, testified that the walkway appeared to him to be in "good shape," and he did not see anything wrong with it. He wondered why ODRC was replacing the sidewalk. He said the cracks in the sidewalk did not deviate by one inch. Thus, there is a rebuttable presumption that the defect was insubstantial as a matter of law.

{¶ 15} We also note that, contrary to appellant's argument under his third assignment of error, the two-inch rule not only applies to walkways in municipalities but has also been applied to ODRC. *See Perotti v. Dept. of Rehab. & Corr.*, 88 Ohio Misc.2d 1 (Ct. of Cl.1997) (governmental and private landowners are not liable for insubstantial, minor defects in sidewalks or patio slabs. If the difference in elevation between two sidewalk slabs is two inches or less, there is a rebuttable presumption that the defect is insubstantial). Appellant also maintains that the difference between walkways in municipalities and in prisons is that prisoners are restricted to the path they may follow and their ability to choose their route. However, in *Washington v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-136, 2010-Ohio-4323, ¶ 18, we rejected the same argument in addressing the application of the open and obvious doctrine. In *Washington*, we found that, even if the inmate believed he had only one route available, his inability to select his route of travel does not mean the hazard was not an open and obvious condition. *Id.*, citing *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 29, citing *Cordell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-749, 2009-Ohio-1555, ¶ 9. Thus, we concluded in *Washington* that, even if an inmate's route is established by the prison, and his movements have been somewhat restricted, such does not mean that the inmate cannot appreciate the hazard. Similarly, here, the fact that appellant c0uld only

travel a certain route to get to his medical appointment does not affect whether a two-inch deviation in elevation should be deemed substantial or insubstantial.

{¶ 16} Nevertheless, a court should consider any attendant circumstances to determine whether a minor defect of less than two inches in height should be deemed substantial. *Cash.* Attendant circumstances can also serve as an exception to the open and obvious doctrine. *Cordell* at ¶ 19. This principle applies where the attendant circumstances are such as to divert the attention of the individual and significantly enhance the danger of the hazard and thus contribute to the fall. *Conrad v. Sears Roebuck & Co.*, 10th Dist. No. 04AP-479, 2005-Ohio-1626, ¶ 11. An attendant circumstance must be so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise. *Cummin v. Image Mart, Inc.*, 10th Dist. No. 03AP-1284, 2004-Ohio-2840, ¶ 10, citing *McGuire v. Sears Roebuck & Co.*, 118 Ohio App.3d 494 (1st Dist.1996). The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. *Barrett v. Ent. Rent-A-Car Co.*, 10th Dist. No. 03AP-1118, 2004-Ohio-4646, ¶ 14, citing *McGuire* at 499. Both circumstances contributing to and those reducing the risk of the defect must be considered. *Id.* Although not an exhaustive list, attendant circumstances can include the following: poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would be easily distracted. *Humphries v. C.B. Richard Ellis, Inc.*, 10th Dist. No. 05AP-483, 2005-Ohio-6105, ¶ 20.

{¶ 17} In the present case, appellant points out that the defect was obscured by rain and inadequate lighting, and his vision was hampered by the fact he was bound by a wheelchair. However, inadequate lighting acts as a warning itself to proceed with caution. *See Jackson v. Pike Cty. Bd. of Commrs.*, 4th Dist. No. 10CA805, 2010-Ohio-4875, ¶ 24 (if the area was dark and shadowed, then such condition itself should have served as a warning to appellant to exercise caution, and it cannot serve as an attendant circumstance). Furthermore, that it was raining was insufficient to elevate the insubstantial deviation of the sidewalk into a substantial one. Appellant testified that he had traversed the area many times before and had never noticed the defect in the sidewalk; thus, the fact that appellant had never even noticed the crack in fair weather suggests that

the rain did not significantly enhance the danger of the defect. *See id.* at ¶ 23 (no attendant circumstance when the injured party had traversed the same route without incident on her way into the building and, thus, had an opportunity to observe the condition). Also, appellant did not testify how the rain enhanced the danger. He did not mention that the cracks were filled with dirty rainwater or that the reflection from the rainwater obscured the defect.

{¶ 18} We also find appellant's argument unavailing that his traveling in a wheelchair was an attendant circumstance that transformed the insubstantial defect into a substantial one. Attendant circumstances do not include the individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making. *Jackson* at ¶ 22. Moreover, an individual's particular sensibilities do not play a role in determining whether attendant circumstances make the individual unable to appreciate the danger. *Id.* As the court explained in *Goode v. Mt. Gillion Baptist Church*, 8th Dist. No. 87876, 2006-Ohio-6936, ¶ 25, with regard to the open and obvious doctrine: "The law uses an objective, not subjective, standard when determining whether a danger is open and obvious."

{¶ 19} Accordingly, in the present case, the fact that appellant himself was unaware of the uneven sidewalk and claims he did not see it because he was sitting in his wheelchair is not dispositive of the issue. Even if we were to consider appellant's particular condition and apply a reasonable wheelchair bound person standard, there is simply insufficient evidence that appellant's condition would have rendered a like-situated person unable to appreciate the crack in the sidewalk. There is also no evidence that appellant informed anyone that the fact he was in a wheelchair made his transport unsafe or rendered him unable to sufficiently see in front or below him. *See Cordell* at ¶ 22 (rejecting injured inmate's argument that his physical illness rendered him too weak to walk to a bus for transport to another prison because he never told anyone he was unable to see properly or too weak to walk; an individual's particular sensibilities are irrelevant to determining attendant circumstances). For the foregoing reasons, appellant's first, second, third, fourth, and seventh assignments of error are overruled.

{¶ 20} Appellant argues in his fifth assignment of error that the magistrate erred when it ruled that providing a known defective wheelchair without restraints was not the

negligent cause of appellant's injuries. The trial court indicated that the magistrate noted appellant did not pursue this claim at trial. The court sustained appellant's objection with respect to the magistrate's failure to address the defective wheelchair claim, but found appellant's testimony was, nevertheless, insufficient to establish duty, breach of duty or causation.

{¶ 21} As indicated above, in the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks. Appellant fails to cite any authority for the proposition that a prison has a higher duty to provide an inmate paralyzed from the waist down a wheelchair that includes restraints, and we find none. Here, the prison apparently provided appellant with a standard emergency room wheelchair, according to appellant's testimony. We cannot find that this fell below the duty of reasonable care or lacked the foresight of an ordinarily prudent person, and we cannot find that ODRC providing appellant a standard wheelchair exposed him to an unreasonable risk. Furthermore, even if the stability of the chair was "bad," as appellant testified, there is no evidence that ODRC was aware of such condition so that it could take steps to avoid injury to appellant. For these reasons, appellant's fifth assignment of error is overruled.

{¶ 22} Appellant argues in his sixth assignment of error that exhibit Nos. 1, 2, and 3 are sufficient to establish the poor condition of the pavement where appellant fell and to establish negligence. Exhibit Nos. 1 and 2 were photographs of the cracks in question, and exhibit No. 3 was a work order request to replace the concrete area in question. Appellant points out that the photographs were admitted without objection and should not have been disregarded. Appellant contends that the quality of the photographs was sufficient to show the location and condition of the crack and give an idea of the width and depth of the defect.

{¶ 23} With regard to the photographs of the crack, the trial court did not disregard them outright due to their low quality. The trial court did not even mention the quality of the photographs. Instead, the trial court found that the photographs did not convince the court that appellant encountered an unreasonably dangerous condition. Thus, it appears the trial court reviewed the photographs but found they did not demonstrate negligence. The magistrate also did not simply disregard the photographs.

The magistrate acknowledged that Minks identified the areas in the two photographs. The magistrate then noted that the photographs were actually photocopies of very poor quality, and the original photographs were not produced. Our review of the exhibits leads us to agree that the photocopies are of poor quality, and it is difficult to discern the precise depth of the cracks due to graininess and shadows. The magistrate indicated that, due to the poor quality, he would have to rely heavily on the testimony of the witnesses, which we find to be a reasonable assertion. It should also be noted that the photographs were submitted by ODRC and appellant did not submit his own copies. Nevertheless, it is clear that both the magistrate and the trial court actually reviewed the photographs and found they did not support appellant's position that the defect was a dangerous condition. For these reasons, appellant's sixth assignment of error is overruled.

{¶ 24} Appellant argues in his eighth assignment of error that the magistrate's and trial court's decisions are contrary to law and against the manifest weight of the evidence. Appellant presents no specific arguments under this assignment of error, merely relying upon his previous arguments. As we have overruled appellant's other assignments of error, we also overrule his eighth assignment of error.

{¶ 25} Accordingly, appellant's eight assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

_____