[Cite as *Harrigill v. Thompson Concrete, Ltd.*, 2017-Ohio-9201.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Janelle Harrigill, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 17AP-451 |
| v. | : | (C.P.C. No. 16CV-6345) |
| Thompson Concrete, Ltd., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 21, 2017

**On brief:** *Schiff & Associates Co., LPA*, and *Terry V. Hummel*, for appellant. **Argued:** *Terry V. Hummel.*

**On brief:** *Lavell O. Payne* and *Kevin W. Popham*, for appellee. **Argued:** *Lavell O. Payne.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Janelle Harrigill, appeals the judgment of the Franklin County Court of Common Pleas that granted summary judgment for defendant-appellee, Thompson Concrete, Ltd. Because Thompson has established that there are no issues of material fact and that it is entitled to judgment as a matter of law, we affirm.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} On June 28, 2013, Harrigill was on her way to attend the state Special Olympics games at Ohio Stadium on the campus of The Ohio State University ("OSU") with her daughter and two young grandchildren. The weather was sunny, clear, and dry.

After parking her car, Harrigill and her daughter and grandchildren began walking down the sidewalk on West 11th Avenue when they encountered a marked construction site at the intersection of West 11th Avenue and Hunter Avenue. OSU was renovating the south high rise dormitory and adjacent areas near that intersection. This large renovation project involved a number of contractors, including Thompson. Thompson was renovating the sidewalks in the area. The sidewalk renovation was not yet completed. A several-inch deep channel remained to be filled where the curbs would be installed. To facilitate foot traffic to the event, Thompson installed two-by-four inch boards in the channel to create a level temporary pedestrian walkway. The channel and crosswalk were then marked off with orange barrels to guide pedestrians as they crossed the street.

{¶ 3}  As Harrigill approached the intersection of West 11th Avenue and Hunter Avenue, she encountered a plywood board that had been laid over the two-by-four inch boards to create a ramp from the road to the sidewalk. Nothing obstructed her view of the plywood board and she admits that she saw it. As Harrigill attempted to step over/onto the plywood board, she caught her left toe on the edge of the board causing her to trip and fall. Harrigill broke her femur. She admits that nothing distracted her before she tripped.

{¶ 4}  Apparently, the plywood board was not present at the site the previous evening, but was placed there by unknown persons sometime prior to Harrigill's fall. There were no Thompson employees performing any work at the construction site on the day of this accident. Nor were any Thompson employees on site at the time of the accident.

{¶ 5}  Harrigill filed a complaint against Thompson asserting a negligence claim. Harrigill dismissed that action without prejudice. On July 6, 2016, Harrigill refiled her complaint against Thompson, again alleging a negligence claim. On November 21, 2016, Thompson filed a motion for summary judgment, which the trial court granted.

{¶ 6}  Harrigill appeals assigning the following error:

> The Trial Court Erred in Granting Defendant's Motion for Summary Judgment.

**LEGAL ANALYSIS**

{¶ 7}  Summary judgment is appropriate under Civ.R. 56 when the moving party demonstrates that:  (1) there is no genuine issue of material fact; (2) the moving party is

entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 8} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party had no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party cannot prevail on its claim. *Id.* If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

{¶ 9} In an action for negligence, a plaintiff must prove: (1) the defendant owed plaintiff a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984); *Blaine v. Cigna Corp.*, 10th No. 02AP-1442, 2003-Ohio-4022, ¶ 7.

{¶ 10} In her sole assignment of error, Harrigill argues the trial court erred when it granted Thompson summary judgment because there are issues of fact regarding whether: (1) Thompson breached a duty to maintain the walkway in a reasonably safe condition for pedestrians; and (2) whether there were attendant circumstances present to

preclude the application of the "two-inch rule."  We need only address Harrigill's second argument because it involves an issue that is dispositive of this appeal.

{¶ 11} Generally, landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways.  *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 32 (2d Dist.1994).  A pedestrian using a public sidewalk is under a duty to care for their own safety as those of ordinary carefulness and prudence would observe, but is not required to look constantly downward.  *Grossnick v. Germantown*, 3 Ohio St.2d 96, 104 (1965).  In *Kimbell v. Cincinnati*, 160 Ohio St. 370 (1953), the Supreme Court of Ohio promulgated what has now come to be known as the "two-inch rule," which provides that a difference in elevation in a sidewalk or walkway, which is less than two inches, is insubstantial as a matter of law to support a negligence claim.  *Id.*; *Stockhauser* at 33.  (A difference in elevation between adjoining portions of a sidewalk or walkway that is two inches or less in height is considered insubstantial as a matter of law and does not present a jury question on the issue of negligence.)

{¶ 12} However, in *Cash v. Cincinnati*, 66 Ohio St.2d 319, 324 (1981), the Supreme Court modified the two-inch rule, stating that when determining a business owner's liability for defects in a sidewalk, the court should consider any attendant circumstance that would render the defect substantial.  "Thus, *Cash* established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law.  The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial."  *Stockhauser* at 33; *Blaine* at ¶ 8.

{¶ 13} The rebuttable presumption created by the two-inch rule also applies to an independent contractor, like Thompson, which owes a general duty of care towards a business invitee.  *Tomlin v. Natl. City Corp.*, 11th Dist. No. 2003-T-0158, 2004-Ohio-6938, ¶ 29-31.  Here, it is undisputed that Harrigill tripped on the edge of a plywood board that bridged a height differential between the street and sidewalk.  It is also undisputed that the height/thickness of the plywood board was one inch or less. Therefore, in the absence of attendant circumstances, Harrigill's negligence claim fails as a matter of law.  *Kimbell; Stockhauser*; *Cash*; *Blaine*; *Tomlin*.  Harrigill contends that there is evidence in the record that would permit a reasonable jury to find sufficient

attendant circumstances to elevate what would otherwise be a minor nonactionable defect into a substantial risk of injury. We disagree.

{¶ 14} In order for an attendant circumstance to elevate a minor defect into a substantial defect, the circumstance must be significant enough to divert the attention of the individual and significantly enhance the danger of the hazard and, thus, contribute to the fall. *Blaine* at ¶ 10; *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-787, 2013-Ohio-5106, ¶ 16. The attendant circumstance must be so abnormal that it would unreasonably increase the normal risk of harm or reduce the degree of care an ordinary person would exercise. *Id.* The attendant circumstances, taken together, must divert the pedestrian's attention, significantly enhance the danger of the hazard, and contribute to the fall. *Id.* Although not an exhaustive list, attendant circumstances can include the following: "poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would be easily distracted." *Id.*, citing *Humphries v. C.B. Richard Ellis, Inc.*, 10th Dist. No. 05AP-483, 2005-Ohio-6105, ¶ 20.

{¶ 15} Harrigill contends that there is evidence in the record that would permit a reasonable jury to find sufficient attendant circumstances to elevate what would otherwise be a minor nonactionable defect into a substantial risk of injury. Her own testimony, however, undercuts that contention. Harrigill testified that the weather was beautiful at the time of her fall. It was sunny, clear, and dry. Nothing obstructed her view of the plywood board. Harrigill admits she saw the plywood board and as she stepped over it her left toe caught the edge of the board causing her to trip and fall. Significantly, she also admitted that nothing distracted her before she tripped. She simply tripped on the edge of the plywood board that she admits she saw as she was walking. Given this testimony, no reasonable jury could conclude that there were attendant circumstances present that would render the defect substantial.

{¶ 16} In her appellate brief, the only factors Harrigill contends are attendant circumstances are the fact that she was holding her daughter's volleyball bag and her granddaughter's hand at the time she tripped. These are not attendant circumstances because they are circumstances that Harrigill created herself. An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party.

*Benton v. Cracker Barrel Old Country Store, Inc.*, 10th Dist. No. 02AP-1211, 2003-Ohio-2890, ¶ 17 (attendant circumstances examined in the context of "open and obvious doctrine").

{¶ 17} Due to the absence of attendant circumstances, Harrigill's negligence claim fails as a matter of law based upon the application of the two-inch rule. Therefore, we overrule her assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, J., concurs.
TYACK, P.J., dissents.

TYACK, P.J., dissenting.

{¶ 18} I respectfully dissent.

{¶ 19} We are reviewing this case in the context of whether summary judgment should have been granted by the trial court. For summary judgment to have been appropriate there must have been no genuine issues of material fact. I think there were genuine issues of material fact.

{¶ 20} In June 2013, Ms. Harrigill fell when she stepped on a plywood board lying across a sidewalk. She broke her femur as a result of the fall. She filed suit against Thompson Concrete, Ltd. ("Thompson Concrete") who she alleged was responsible for placing the board on the sidewalk, thereby creating a hazardous condition. Counsel for Thompson Concrete responded to the lawsuit arguing that it had not been negligent in creating the condition because it owed no duty of care to Ms. Harrigill. Counsel argued also that the company was not liable due to a potential application of the so-called two inch rule in slip and fall cases.

{¶ 21} Thompson Concrete has denied placing the plywood on top of the other boards in place to create a temporary crosswalk near Hunter and 11th Avenues in the Ohio State University area. However, there seems to be no doubt that the plywood was there and that Thompson Concrete was responsible for work on the sidewalks in the area. As a result, for purposes of a summary judgment motion, Thompson Concrete should be deemed the entity which was responsible for placing the plywood and/or the placement of the plywood. Thompson renovated the sidewalk at the intersection and placed wooden

inlay board on the sidewalk. There was no indication that any other entity or individual was responsible for creating a temporary passage at that place and at that point in time. The trial court judge should have viewed the placement of the plywood as involving a genuine issue of material fact which should have been resolved in favor of the nonmoving party, Ms. Harrigill.

{¶ 22} The trial court also granted summary judgment based on a finding that it was not foreseeable that someone would be injured while traversing a piece of plywood that had an exposed edge of less than one inch. The trial court also found that the plywood was discoverable on ordinary inspection and readily appreciable by an ordinary person.

{¶ 23} The problem with the trial court's analysis is that Ms. Harrigill really had no choice but to go over the plywood. The crosswalk in the normal sense did not exist. Nothing was done to taper the edge of the plywood. A person who needs to cross had to cope with a sudden obstruction apparently three or more feet in length. Ms. Harrigill tried to step over the raised edge but her left toe got caught, resulting in her body being thrown forward. I view the length of the obstruction and the necessity to traverse it as attendant circumstances which did not automatically free Thompson Concrete from liability and responsibility for the fall.

{¶ 24} Since the majority of the panel upholds the trial court's granting of summary judgment, I respectfully dissent.

_____