[Cite as *McDonald v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-2842.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| GENUS MCDONALD | Case No. 2022-00565JD |
| Plaintiff | Judge Lisa L. Sadler |
| | Magistrate Gary Peterson |
| v. | |
| | DECISION |
| OHIO DEPARTMENT OF | |
| REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On May 9, 2023, Defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Pursuant to L.C.C.R. 4(D), the motion for summary judgment is now fully briefed and before the Court for a non-oral hearing.[1]

{¶2} This case arises as a result of Plaintiff falling while performing work for Defendant. In its motion, Defendant argues that it did not owe Plaintiff a duty of care pursuant to the open-and-obvious doctrine. In support, Defendant submitted the deposition transcripts of David Cripe and Randall Romans as well as the transcripts for Plaintiff's April 26, 2021 and April 14, 2023 depositions. Defendant also submitted a video recording of Plaintiff's fall.

{¶3} In response, Plaintiff argues that the open-and-obvious doctrine is inapplicable due to attendant circumstances. Plaintiff further argues that he had no ability to avoid the area where he fell and relied upon Defendant to maintain the concrete in a reasonably safe condition. In support, Plaintiff submitted his responses to Defendant's interrogatories and requests for production of documents, Defendant's responses to Plaintiff's requests for production of documents, and Defendant's injury prevention policy.

{¶4} For the reasons stated below, the Court GRANTS Defendant's motion.

---

[1] Upon review, the Court GRANTS Plaintiff's June 7, 2023 motion for leave to file a late response.

**Standard of Review**

{¶5} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.
>
> No evidence or stipulation may be considered except as stated in this rule.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶6} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which provides that "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." It is well-established that granting summary judgment is not appropriate unless,

> construing the evidence most strongly in favor of the nonmoving party:
> (1) there is no genuine issue of material fact; (2) the moving party is entitled
> to judgment as a matter of law; and (3) reasonable minds can come to but
> one conclusion, that conclusion being adverse to the nonmoving party.

*Robinette v. Orthopedics, Inc.*, 10th Dist. Franklin No. 97AP-1299, 1999 Ohio App. LEXIS 2038, 7 (May 4, 1999).

**Facts**

{¶7} Plaintiff, a former inmate in the custody and control of Defendant, asserts that Defendant is liable to him for negligence after he fell while working at Ohio Penal Industries (OPI) in the Vehicle Services Center.  Complaint, ¶ 1, 5-6.  Prior to Plaintiff's injury, he had been assigned to work in the wash bay area of OPI's service garage where he was responsible for inspecting vehicles for damage, washing and detailing vehicles, and training other inmates who were also hired to work in the service garage.  Genus McDonald April 26, 2021 Deposition, p. 6, 12-16.  On May 7, 2019, Plaintiff was working in the wash bay near the drain.  Complaint, ¶ 6.

{¶8} While Plaintiff was washing a vehicle, he stepped backward onto the uneven and cracked concrete floor, which caused his left foot and ankle to buckle underneath him, resulting in him falling to the ground.  *Id.*  Plaintiff acknowledged that as he "stepp[ed] backyards", he "wasn't paying attention" to the area of concrete that was uneven. McDonald April 26, 2021 Depo., p. 39-40.

{¶9} According to Defendant, Plaintiff should have seen any crack in the concrete where he fell and should have avoided it.  David Cripe Deposition, p. 27, 74; Randall Romans Deposition, p. 33.  David Cripe, an automotive mechanic employed at OPI who supervises the inmates, and Randall Romans, the building construction superintendent at OPI, both testified that the defect in the concrete where Plaintiff fell was not covered by a car and that Plaintiff should have seen the defect where he fell.  *Id.*  Defendant also submitted video footage capturing Plaintiff's fall showing that Plaintiff was walking backward and to the side along the backside of a white vehicle prior to falling.  Genus McDonald April 14, 2023 Deposition, p. 38-39, Ex.B.  While Plaintiff asserts in his memorandum in response that he stepped "under the back of the car where the cracked concrete floor was uneven", Plaintiff does not testify to the same in his deposition.[2] Accordingly, there is no Civ.R. 56 evidence before the Court to support the assertion that Plaintiff stepped under the back of the car and the video clearly depicts that Plaintiff was

---

[2] Plaintiff's memorandum in opposition lists a citation after making this assertion, but the citation is missing a specific reference and the Court is unable to find support for such a claim in Plaintiff's deposition.

stepping back along the back of the car when he fell.[3] *See* Plaintiff's Memorandum Contra Defendant's Summary Judgment Motion, p.4-5; *but see* McDonald April 14, 2023 Depo., p.38-39, Ex.B.

{¶10} With respect to the condition of the concrete in the area where Plaintiff fell, Plaintiff described the area as uneven with a "little hole" although he was unable to provide dimensions or additional descriptions. McDonald April 26, 2021 Depo., p. 29-30. Cripe observed that the defect was minor. Cripe Depo., p. 80-81. Romans recalled that the area where Plaintiff fell was cracked and uneven. Romans Depo., p. 21-22. Cripe and Romans also stated that prior to Plaintiff's injury, there were multiple places in the wash bay floor that were either cracked, uneven, raised, lowered, or had "aggregate stones". Cripe Depo., p. 21-22; Romans Depo., p. 14-16.

{¶11} Plaintiff complained to Defendant's employees about the uneven and degraded concrete in the wash bay prior to his injury; however, Plaintiff also acknowledges that the concrete, depicted in a photograph at the time of his fall, does not appear cracked or crumbling in the specific area where he fell. McDonald April 26, 2021 Depo., p. 30-32, 40; *but see* McDonald April 14, 2023 Depo., p. 47, Ex.A. Additionally, Plaintiff testified that in 2018 another inmate, William Straight, twisted his knee in a similar location of the wash bay. McDonald April 26, 2021 Depo., p. 60. However, Cripe claims he is not aware of any other inmate ever falling due to the crack in the wash bay area where Plaintiff fell. Cripe Depo., p. 55.

{¶12} Notwithstanding, Cripe states that "someone brought up concerns about the heighth (sic) of the floor" causing him to review the OSHA regulations and discuss getting it fixed with either Romans or Jerry Juniper, an OPI health and safety inspector. *Id.* at p. 18, 20. However, Cripe did not recall who voiced the concerns or whether this conversation took place before or after Plaintiff's injury. *Id.* at p. 18-21. Nevertheless, when Plaintiff returned to work in June 2019 following his injury, the defective concrete where he had fallen had been fixed with a concrete patch. McDonald April 26, 2021 Depo., p. 31; Cripe Depo., p. 83; Romans Depo., p. 83.

---

[3] In his responses to Defendant's first set of interrogatories, Plaintiff asserts that he stepped into a puddle of water, but Plaintiff later deponed that there was no water on the floor at the time he fell. Plaintiff's Exhibit C, McDonald April 14, 2023 Depo., p. 38-39.

**Law and Analysis**

{¶13} Defendant argues that it is entitled to summary judgment because the concrete's condition was an open and obvious hazard and, as such, it owed no duty of care to Plaintiff.  In response, Plaintiff argues that attendant circumstances exist which create a genuine dispute regarding the danger posed by the concrete that caused Plaintiff's injury.  To prevail on a claim for negligence, Plaintiff must prove by a preponderance of the evidence that "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, and (3) the breach of the duty proximately caused the plaintiff's injury."  *Jenkins v. Ohio Dept. of Rehab & Corr.,* 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 6.

{¶14} As it relates to those who are incarcerated, "the state owes a common-law duty of reasonable care and protection from unreasonable risks."  *Id.* at ¶ 8.  Reasonable care is "defined as the degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances."  *Id*.  Exercising reasonable care includes the duty "to prevent an inmate from being injured by a dangerous condition about which the state knows or should know."  *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-177, 2004-Ohio-5545, ¶ 16.  As it relates to an inmate performing labor for the state, "the state's duty must be defined in the context of those additional factors which characterize the particular work performed."  *Id.*  Although the state's duty varies with the particular circumstances, the state "is not an insurer of inmate safety[.]"  *Id.* Indeed, inmates "are also required to use reasonable care to ensure their own safety."  *Jenkins* at ¶ 8.

{¶15} Additionally*,* absent any attendant circumstances, an owner or occupier ordinarily owes no duty to warn an invitee of "open and obvious dangers" on the premises because "the open and obvious nature of the hazard itself serves as a warning" and it is reasonable to expect that the invitees "entering the premises will discover those dangers and take appropriate measures to protect themselves."  *Cordell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 08AP-749, 2009-Ohio-1555, ¶ 6, 19 (internal citations omitted); *but see Dean v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 97API12-1614, 1998 Ohio App. LEXIS 4451, 4-5 (Sept. 24, 1998) (The court declined to apply the

open and obvious doctrine where an inmate-worker was ordered by defendant to perform a task where he could not avoid the hazard that caused his fall). To be open and obvious, the condition must not be "hidden, concealed from view, or undiscoverable upon ordinary inspection." *Jenkins* at ¶ 11. The fact that an injured person failed to observe the dangerous condition is immaterial. *Id.* Rather, "the determinative issue is whether the condition is observable." *Id.*

{¶16} Furthermore, it would be inappropriate to find a hazard open and obvious as a matter of law when the record reveals attendant circumstances which raise "a genuine issue of material fact as to whether the danger was free from obstruction and readily appreciable by an ordinary person." *McConnell v. Margello*, 10th Dist. Franklin No. 06AP-1235, 2007-Ohio-4860, ¶ 11. Attendant circumstances are those that "divert the attention of the individual and significantly enhance the danger of the hazard and thus contribute to the fall", including, but not limited to, "poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would be easily distracted." *Jenkins* at ¶ 16.

{¶17} While it is undisputed that both Plaintiff and Defendant were aware of some type of defect in the condition of the concrete in the wash bay in the area where Plaintiff fell, based upon the evidence presented and viewed in a light most favorable to Plaintiff, the Court finds that there is no genuine issue of material fact and that the condition of the concrete was observable at the time of Plaintiff's fall. The deposition testimony of Cripe, Romans, and Plaintiff, along with the video footage of the incident, all demonstrate that any defect in the concrete was not hidden, concealed from view, or undiscoverable upon ordinary inspection. Plaintiff's failure to observe the condition of the concrete because he did not look before stepping backward does not render the hazard unobservable. *See Washington v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 10AP-136, 2010-Ohio-4323, ¶ 16-19; *Jenkins, supra*, at ¶ 15; *see also Price v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-11, 2014-Ohio-3522, ¶ 12-20. There is simply no evidence before the Court that the defect in the concrete was hidden or otherwise concealed. Accordingly, based on the evidence submitted by the parties, the only reasonable conclusion is that any defect in the concrete where Plaintiff fell was not hidden, concealed from view, or undiscoverable upon ordinary inspection.

{¶18} Plaintiff argues that attendant circumstances prevent the application of the open-and-obvious doctrine to this case.  However, on this record, there is no evidence of attendant circumstances that would divert Plaintiff's attention and significantly enhance the danger of any hazardous condition in the concrete.  Plaintiff argues that he had no control over his route and no control over the concrete maintenance of the workplace.  However, a prisoner's inability to select the route does not mean the hazard was not an open and obvious condition.  *See, e.g., id.* at ¶ 18 ("even if [plaintiff's] route was established by [the institution] and his movements may have been somewhat restricted, such does not mean that the hole in the walkway was not an open and obvious condition.").  Furthermore, Plaintiff testified that he was aware of the condition of the concrete and had previously walked in the area of the deteriorated concrete.  Nevertheless, Plaintiff by his own acknowledgment was walking backward and not paying attention to the uneven concrete, which was free from obstruction and readily observable.  In short, there is nothing in the record to create a genuine issue of material fact regarding whether Plaintiff's attention was diverted such that the danger of the hazard was significantly enhanced.  Accordingly, there are no attendant circumstances that prevent the application of the open-and-obvious doctrine.

{¶19} Defendant has met its initial burden, pursuant to Civ.R. 56(C), by showing that there are no genuine issues of material fact that the defect in the concrete was an open and obvious condition.  However, Plaintiff has not met his reciprocal burden, pursuant to Civ.R. 56(E), setting forth specific facts showing that there is a genuine issue for trial.

{¶20} Therefore, the Court finds there are no genuine issues of material fact that the open-and-obvious doctrine precludes Plaintiff's claim.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5 ("a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious" and "the open-and-obvious doctrine acts as a complete bar to any negligence claims").  Accordingly, Defendant is entitled to judgment as a matter of law and the Court GRANTS its motion for summary judgment.

**Conclusion**

{¶21} A non-oral hearing was conducted in this case upon Defendant's motion for summary judgment.  For the reasons set forth above, the Court GRANTS Defendant's motion for summary judgment.


LISA L. SADLER
Judge

[Cite as *McDonald v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-2842.]

| | |
|---|---|
| GENUS MCDONALD | Case No. 2022-00565JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Gary Peterson |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

**IN THE COURT OF CLAIMS OF OHIO**

{¶22} A non-oral hearing was conducted in this case upon Defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, Defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


LISA L. SADLER
Judge

Filed July 31, 2023
Sent to S.C. Reporter 8/15/23