**[Cite as *Reed v. Cleveland State Univ.*, 2024-Ohio-4948.]**

### IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CYNTHIA REED | Case No. 2023-00376JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Anderson M. Renick |
| v. | |
| CLEVELAND STATE UNIVERSITY | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} On March 21, 2024, Defendant, Cleveland State University (CSU), filed a motion for summary judgment pursuant to Civ.R. 56(B).  The motion is now fully briefed and before the Court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Plaintiff brought this negligence action after falling at a concert held at a venue owned by Defendant.  In its motion, Defendant argues that Plaintiff cannot prove the existence of a dangerous condition, Defendant owed her no duty to prevent injury because any arguable hazard was open and obvious, and no attendant circumstances existed.  In opposition, Plaintiff argues that summary judgment is inappropriate because genuine issues of material fact exist as to whether the hazard was open and obvious and whether there were attendant circumstances.

{¶3} Upon review, the Court grants Defendant's motion.

**Standard of Review**

{¶4} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶5} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶6} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which provides that "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  It is well-established that granting summary judgment is not appropriate unless,

> construing the evidence most strongly in favor of the nonmoving party:
> (1) there is no genuine issue of material fact; (2) the moving party is entitled
> to judgment as a matter of law; and (3) reasonable minds can come to but
> one conclusion, that conclusion being adverse to the nonmoving party.

*Robinette v. Orthopedics, Inc.*, 1999 Ohio App. LEXIS 2038, 7 (10th Dist. May 4, 1999).

**Facts**

{¶7} On June 7, 2019, Reed attended a concert at the Wolstein Center on CSU's campus.  (Complaint at ¶ 4.)  An usher escorted Plaintiff to her seat—located down the steps and three in from the aisle—via the designated aisle.  (Reed Deposition p. 51-52, 37.)  As shown in the photograph authenticated by a Special Events Manager for CSU, the designated aisle is marked with white paint on each step, wide enough to allow one or more people to freely walk up or down, and of a consistent width.  (Affidavit of Melanie Snodell Exh. A-2.1.)  The steps in the designated aisle are also lit.  (Reed Deposition at p. 83.; Snodell Deposition at p. 52.)

{¶8} During the concert, Plaintiff left her seat to go to the concession stand.  (Reed Deposition at p. 25.)  Instead of using the lit designated aisle, Plaintiff used a narrow gap between her seat and that of her companion to climb toward the concourse level.  (Id. at p. 25, 38.)  Photographic evidence shows that the gap between the seats is not as wide

as a seat and there is no paint on the steps; this gap varies in width and placement relative to the seats. (Snodell Affidavit Exh. A-3.) Plaintiff did not recall seeing anyone use this path prior to her using it. (Reed Deposition at 39.) Additionally, venue staff testified that this gap is not an exit aisle. (Snodell Deposition at p. 73.)

{¶9} Despite the fact that the lights were dimmed for the concert, and the path Plaintiff chose was unlit, Plaintiff averred that she was not looking down as she climbed the steps in this narrow gap. (Id. at p. 37, 84.) Plaintiff mistakenly thought she had reached the concourse level and missed a step down causing her to fall and injure her arm. (Id. at 25.) Prior to Plaintiff's fall, there were no known incidents of patrons falling while traversing between the seats at CSU's Wolstein Center. (Snodell Affidavit at ¶ 11.)

**Law and Analysis**

{¶10} To prevail on a negligence claim, a plaintiff must prove by a preponderance of the evidence that defendant owed plaintiff a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused plaintiff's injuries. *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573, ¶ 8 citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984). Under Ohio law, the duty owed by an owner or occupier of a premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315 (1996). There is no dispute that Plaintiff was an invitee.

{¶11} An owner or occupier of a premises owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong* at ¶ 5. "However, a premises owner is not an insurer of its invitees' safety against all forms of accident that may occur on its premises." *Simms v. Penn Natl. Gaming, Inc.*, 2022-Ohio-388, ¶ 21 (10th Dist.). "Although a pedestrian using a public sidewalk is not required to constantly look downward, a pedestrian is under a duty to care for their own safety as those of ordinary carefulness and prudence would observe." *Id.* at ¶ 27.

{¶12} "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong* at ¶ 14. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning.

Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.,* 64 Ohio St.3d 642, 644 (1992). "Open-and-obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection." *Thompson v. Ohio State Univ. Physicians, Inc.*, 2011-Ohio-2270, ¶ 12 (10th Dist.). However, an individual "does not need to observe the dangerous condition for it to be an 'open-and-obvious' condition under the law; rather, the determinative issue is whether the condition is observable." *Id.* at ¶ 10. When considering whether the danger is open and obvious, the focus is on the ability of a reasonable person to perceive the danger under the circumstances, not on the actions of the individual plaintiff. *Armstrong* at ¶ 11 and 13. While the issue of whether a danger is open and obvious can be a mixed question of law and fact when the facts are in dispute, the issue is generally considered a question of law when only one conclusion can be drawn from the established facts. *Simms* at ¶ 24.

{¶13} "In certain circumstances, the presence of 'attendant circumstances' may preclude the application of the open-and-obvious doctrine." *Haynes v. Mussawir*, 2005-Ohio-2428, ¶ 22 (10th Dist.). "To serve as an exception to the open and obvious doctrine, an attendant circumstance must be 'so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise.'" *Mayle v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2774, ¶ 20 (10th Dist.), quoting *Cummin v. Image Mart, Inc.*, 2004-Ohio-2840, ¶ 10 (10th Dist.). "Although not an exhaustive list, attendant circumstances can include the following: poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would be easily distracted." *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-5106, ¶ 16 (10th Dist.).

{¶14} In contrast, "'[d]arkness' is always a warning of danger, and for one's own protection it may not be disregarded." *Jeswald v. Hutt*, 15 Ohio St.2d 224 (1968), paragraph three of the syllabus. Further, "darkness increases rather than reduces the degree of care an ordinary person would exercise." *McCoy v. Kroger Co.*, 2005-Ohio-6965, ¶ 16 (10th Dist.). Therefore, an ordinary person in the relative darkness of a concert venue, would exercise an increased degree of care.

{¶15} After viewing the evidence in a light most favorable to Plaintiff, the Court finds that the step from which Plaintiff fell was an open and obvious hazard and that no attendant circumstances exist to create a genuine issue of material fact regarding the observable nature of the step. The undisputed evidence demonstrates that the designated stairway was lit and accessible for Plaintiff to reach the concession stand during the concert. However, Plaintiff specifically chose to use an unlit gap between the seats despite being aware that the lights in the venue were dimmed for the concert and not observing any other concertgoers using the gap that she used to reach the concourse level.

{¶16} Under the circumstances, using the gap between the seats in combination with the darkness increased the degree of care an ordinary person would exercise in Plaintiff's situation. Accordingly, the Court finds that the step was a clearly ascertainable hazard, which Plaintiff could have guarded herself against by using the lighted walkway and exercising ordinary care under the circumstances. Therefore, the Court finds that there are no genuine issues of material fact regarding the open and obvious nature of the step and Defendant has met its initial burden pursuant to Civ.R. 56(C).

{¶17} Although Plaintiff argues that Defendant's motion should be denied because there is a factual dispute regarding attendant circumstances, the attendant circumstance Plaintiff asserts is the color similarity of the concrete. However, Plaintiff offers no evidence to demonstrate that a concrete step that is the same color as the concrete floor is so abnormal that it unreasonably increases the risk of injury. Plaintiff's failure to observe the step down when she traversed the gap between the seats does not change the open and obvious nature of the step.

{¶18} Even construing the evidence in a light most favorable to Plaintiff, the Court finds that Plaintiff did not demonstrate that genuine issues of material fact remain for trial. Therefore, Plaintiff failed to meet her reciprocal burden pursuant to Civ.R. 56(E). Consequently, the Court finds that Defendant is entitled to judgment as a matter of law.

**Conclusion**

{¶19} A non-oral hearing was conducted in this case upon Defendant's motion for summary judgment. For the reasons set forth above, the Court GRANTS Defendant's

motion for summary judgment and renders judgment in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed September 20, 2024**
**Sent to S.C. Reporter 10/14/24**